**In re EMERITUS CORPORATION.**

No. 04–05–00171–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 24, 2005.

Gregory J. Lensing, Jonathan C. LaMendola, Cowles & Thompson, P.C., Dallas, for appellant.

Janice Maloney, Law Office of Pat Maloney, P.C., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

CATHERINE STONE, Justice.

This case of first impression raises issues of whether and to what extent a judgment creditor can engage in post-judgment discovery after the judgment debtor has superceded the judgment by posting a cash deposit. Specifically, we must consider the interplay between Texas Rule of Civil Procedure 621a and Texas Rule of Appellate Procedure 24. Emeritus

Corporation contends the trial court clearly failed to correctly analyze or apply Texas Rule of Civil Procedure 621a when it denied Emeritus's motion to quash post-judgment discovery and for a protective order. After thoroughly considering the arguments advanced by the parties, we are of the opinion that the petition for writ of mandamus should be denied.

## BACKGROUND

Leo Ofczarzak and David Niedzielski, on behalf of the Estate of Florine Ofczarzak, deceased, (collectively the "real parties") filed a wrongful death and survival suit against Emeritus Corporation. A jury rendered judgment in favor of the real parties and awarded them $1,524,445 in compensatory damages (including pre and post-judgment interest) and $18 million in punitive damages. Following the jury's verdict, Emeritus filed a motion to suspend enforcement of the judgment without bond.

Real parties subsequently served Emeritus with post-judgment interrogatories and requests for production. In addition, real parties filed a motion to enjoin Emeritus from dissipating its assets to avoid satisfaction of the judgment. Real parties also sought leave of court to depose Emeritus's Chief Financial Officer, Raymond Brandstrom, and its Chief Executive Officer, Dan Baty. Shortly thereafter, the trial court ordered Emeritus to respond to real parties' written discovery and to produce Brandstrom and Baty for deposition. The court also entered an injunction prohibiting Emeritus from dissipating its assets to avoid satisfaction of the judgment.

Despite its previously filed motion to suspend enforcement of the judgment without bond, Emeritus posted a $1,725,000 cash deposit in lieu of bond with the Bexar County District Clerk on March 17, 2005.[2] Emeritus simultaneously filed a "Motion for Protective Order and to Quash Discovery" in the trial court, asserting that the real parties' discovery requests had become moot with the posting of the cash deposit. Real parties opposed Emeritus's motion, arguing the trial court should deny Emeritus's motion because Texas Rule of Civil Procedure 621a authorizes them to conduct post-judgment discovery to obtain information relevant to their motion for injunctive relief. The trial court ultimately agreed with real parties and denied Emeritus's "Motion for Protective Order and to Quash Discovery." Emeritus subsequently filed this original proceeding.

## STANDARD OF REVIEW

Mandamus will lie only to correct a clear abuse of discretion when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* at 839 (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). This standard has different applications in different circumstances. *Id.*

When reviewing factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Id.* at 839–40. The relator must establish that the trial court could reasonably have reached only one result. *Id.* at 840. The reviewing court cannot set aside the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* Re-

---

**2.** This deposit exceeds the sum of the compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. *See* TEX.R.APP. P. 24.2(a)(1).

view of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. *Id.* A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* This mandamus proceeding centers on the trial court's determination of the legal principles controlling its ruling.

## DISCUSSION

■ This mandamus proceeding hinges upon the proper interpretation of Texas Rule of Civil Procedure 621a. Well-settled principles of law guide our interpretation of this procedural rule. We apply the same rules of construction to procedural rules as we apply to statutes. *In re VanDeWater,* 966 S.W.2d 730, 732 (Tex. App.-San Antonio 1998, orig. proceeding). "Where a rule of procedure is clear, unambiguous, and specific, we construe the rule's language according to its literal meaning." *Murphy v. Friendswood Dev. Co.,* 965 S.W.2d 708, 709 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Rule interpretation is "a pure question of law over which the judge has no discretion." *See Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997).

Rule of Civil Procedure 621a provides:

At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant as provided by Article 3773, V.A.T.S., the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters. Also, at any time after rendition of judgment, either party may, for the purpose of obtaining information relevant to motions allowed by Texas Rules of Appellate Procedure 47 and 49 initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters.[3] The rules governing and related to such pre-trial discovery proceedings shall apply in like manner to discovery proceedings after judgment. The rights herein granted to the parties shall inure to their successors or assignees, in whole or in part. Judicial supervision of such discovery proceedings after judgment shall be the same as that provided by law or these rules for pre-trial discovery and proceedings insofar as applicable.

TEX.R. CIV. P. 621a. Rule of Civil Procedure 621a thus authorizes post-judgment discovery in two specific instances. First, post-judgment discovery is authorized "for the purpose of obtaining information to aid in the enforcement of [a] judgment," but only "so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant." *Id.* Second, Rule of Civil Procedure 621a authorizes post-judgment discovery "for the purpose of obtaining information relevant to motions allowed by Texas Rules of Appellate Procedure 47 and 49 [now Rule 24]." *Id.*

In this proceeding, both parties agree that real parties cannot engage in post-judgment discovery for the purpose of ob-

---

**3.** The reference to Texas Rules of Appellate Procedure 47 and 49 is outdated. Former Rules 47 and 49 are from the pre–1997 Rules of Appellate Procedure. Rules 47 and 49 are now consolidated and found in Texas Rule of Appellate Procedure 24. *See* TEX.R.APP. P. 24 cmt.

taining information to aid in the enforcement of the judgment because Emeritus posted a cash deposit in the maximum amount required by Texas Rule of Appellate Procedure 24. *See* Tex.R.App. P. 24.2(a)(1) ("When the judgment is for money, the amount of bond, deposit, or security must equal the sum of the compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment."). We must therefore consider whether real parties are entitled to post-judgment discovery under the second prong of Rule of Civil Procedure 621a: "for the purpose of obtaining information relevant to a motion allowed by Texas Rules of Appellate Procedure 47 and 49 [now Rule 24]."

Emeritus contends real parties are not entitled to post-judgment discovery under the second prong of Rule of Civil Procedure 621a because the rule does not authorize any post-judgment discovery once a judgment debtor posts security for the judgment. We disagree.

Emeritus's argument is based on its misinterpretation of the unambiguous language of Rule of Civil Procedure 621a. The wording of Rule 621a indicates that a judgment debtor may forestall post-judgment discovery by filing sufficient security only under the first prong of the rule. The first prong of the rule states:

> At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant as provided by Article 3773, V.A.T.S., the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery

proceeding authorized by these rules for pre-trial matters.

Tex.R. Civ. P. 621a. By contrast, the language of the second prong of the rule provides:

> Also, at any time after rendition of judgment, either party may, for the purpose of obtaining information relevant to motions allowed by Texas Rules of Appellate Procedure 47 and 49 [now Texas Rule of Appellate Procedure 24] initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters.

*Id.* Absent from the wording of the second prong is the language "so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court." We believe the absence of this language from the second prong is significant; had the supreme court intended to preclude all post-judgment discovery upon the posting of security by the judgment debtor, the court would have included the language "so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court" in both prongs of Rule of Civil Procedure 621a. *See Sayre v. Mullins,* 681 S.W.2d 25, 27–28 (Tex.1984) (recognizing a statute must be construed in its entirety and consideration given to the consequences that would follow from each construction); *Black v. Am. Bankers Ins. Co.,* 478 S.W.2d 434, 437 (Tex.1972) (noting one provision is not to be given meaning out of harmony with other provisions). Based on the unambiguous language of Rule of Civil Procedure 621a, we hold that post-judgment discovery is permissible under the second prong of the rule even when the judgment debtor has posted adequate security for the judg-

ment.[4]

█ Emeritus next contends that real parties are not entitled to post-judgment discovery under the second prong of Rule of Civil Procedure 621a because the trial court improperly considered Rule of Appellate Procedure 24 in its interpretation of· the rule. Emeritus claims the second prong of Rule of Civil Procedure 621a cannot be construed with Rule of Appellate Procedure 24 because Rule 621a still refers to former Rules of Appellate Procedure 47 and 49. We disagree.

█ The comment to current Texas Rule of Appellate Procedure 24 provides: Former Rules 47, 48, and 49 are merged. The rule is substantially revised. Paragraph 24.1(a) now provides for superseding the judgment by agreement. Paragraph 24.1(c) is taken from former Rule 48 and provides for a deposit in lieu of the bond, including specific provisions for the release of the deposit. Paragraph 24.1(d) provides the conditions for the surety to honor the bond and for the deposit to be paid to the judgment creditor. In subdivision 24.2, the provisions for determining the amount of the bond or deposit are simplified. All provisions regarding superseding a judgment for an interest in property are merged into subparagraph 24.2(a)(2). The procedure for allowing security in a lesser amount is moved to paragraph 24.2(b) and is made applicable to all judgments. Subdivision 24.4 is taken from former Rule 49. The procedure for appellate review is more precisely stated.

TEX.R.APP. P. 24 cmt. From this comment, it is evident that former Rules of Appellate Procedure 47 and 49 were revised and merged into one rule, Rule of Appellate Procedure 24, during the overhaul of the appellate rules in 1997. It is well-established that when a referenced rule/statute is amended or revised, as opposed to repealed, the referencing rule/statute incorporates the amendments or revisions.

> When one statute references another statute, one must look to the referenced statute to understand the referencing statute. This becomes problematic when the Legislature repeals or modifies the referenced statute; different rules of construction apply when the referenced statute is repealed as opposed to when it is amended or revised. When the referenced statute is repealed, the meaning and scope of the referencing statute do not change, absent clear legislative intent to the contrary. On the other hand, when the referenced statute is amended or revised, the referencing statute incorporates the amendments or revisions.

*In re R.J.J.*, 959 S.W.2d 185, 186 (Tex. 1998) (per curiam) (citations omitted). Rule of Civil Procedure 621a therefore incorporates the provisions of current Rule of Appellate Procedure 24 even though it still refers to former Rules of Appellate Procedure 47 and 49 in its text. *See id.* Because the applicable rules of statutory construction required the trial court to construe Rule of Civil Procedure 621a together with Rule of Appellate Procedure

---

4. During oral argument, Emeritus conceded that a judgment creditor could obtain post-judgment discovery to obtain information to determine the continued viability of the bond or surety company even though the judgment debtor has posted security for the judgment. If post-judgment discovery is permissible in this context when the judgment debtor has

posted security, we see no reason why real parties should be denied post-judgment discovery here. It makes no sense to grant real parties' request for injunctive relief and, at the same time, afford them no means to secure the information they need to test future compliance with that injunction.

24, and not former Rules of Appellate Procedure 47 and 49, we cannot say the trial court misinterpreted the scope or meaning of the second prong of Rule 621a.

Having determined that Rule of Civil Procedure 621a incorporates Rule of Appellate Procedure 24, we must now determine whether these rules, when construed together, authorized the trial court to grant real parties' request for post-judgment discovery and to deny Emeritus's motion to quash post-judgment discovery and for a protective order. Rule of Civil Procedure 621a provides that a party may pursue post-judgment discovery for the purpose of obtaining information relevant to motions allowed by Rule of Appellate Procedure 24. TEX.R. CIV. P. 621a. Pursuant to Rule of Appellate Procedure 24, litigants are entitled to file motions relating to the type and sufficiency of bond posted to stay the execution of a judgment, as well as motions to enjoin a judgment debtor from dissipating or transferring its assets to avoid satisfaction of a judgment. TEX.R.APP. P. 24.

In this case, it is undisputed that real parties filed a motion to enjoin Emeritus from dissipating or transferring its assets to avoid satisfaction of the judgment. After real parties' injunction motion was granted, real parties filed requests for post-judgment discovery. The purpose of real parties' discovery was to obtain information so that they could test Emeritus's ongoing compliance with the court-ordered injunction. The trial court found, and we agree, that real parties sought discovery related to a motion allowed by Rule of Appellate Procedure 24 and for a relevant purpose. *See generally In re Sears, Roebuck & Co.,* 146 S.W.3d 328, 331 (Tex.App.-

Beaumont 2004, orig. proceeding) ("Relevant evidence is evidence that has a 'tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' "). Accordingly, we hold the trial court did not clearly fail to correctly analyze or apply Rule of Civil Procedure 621a when it granted real parties' request for post-judgment discovery and denied Emeritus's motion to quash post-judgment discovery and for a protective order.[5]

CONCLUSION

Based on the foregoing, Emeritus's petition for writ of mandamus is denied.

---

**5.** Emeritus asserts that "[o]nce the court granted the injunction, [real parties'] motion for injunctive relief was self-evidently moot. As of now, there is simply no proper motion pending to support post-judgment discovery." As we previously noted, if a party has the right to an injunction, then that party also has the right to pursue discovery for the purpose of obtaining information to test compliance with that injunction.