E-FILED
TARRANT COUNTY, TEXAS
5/14/2015 10:23:05 PM
MARY LOUISE GARCIA
COUNTY CLERK
BY: H.E. F.

## No. 2014-005741-1

| | | |
|---|---|---|
| **Federal National Mortgage** | § | **In the County Court** |
| **Association,** | § | 2nd COURT OF APPEALS |
| *Plaintiff,* | § | FORT WORTH, TEXAS |
| | § | 7/16/2015 4:46:47 PM |
| **v.** | § | DEBRA SPISAK |
| | § | Clerk |
| | § | **at Law Number 1** |
| **Tony R. Jimenez and** | § | |
| **Cynthia L. Jimenez and** | § | |
| **all occupants,** | § | |
| *Defendants* | § | |
| **1428 Shirley Way, Bedford, TX 76022** § | | **Tarrant County, Texas** |

### DEFENDANTS' MOTION FOR NEW TRIAL

Defendants, **Tony R. Jimenez** and **Cynthia L. Jimenez and all occupants**

(hereinafter "Defendants"), still urging and relying on their other pleadings and argument

heretofore made, ask the Court to vacate the Judgment granted herein on or about April

14, 2015 ("Judgment"), in the interest of justice and fairness.

1.      Motion is Permissible in County Court at Law. This Motion for New Trial

is permitted under applicable Texas Rules of Civil Procedure ("TRCP"). *Shaw v. Shaw,*

2008 Tex.App. LEXIS 3417 (Tex. App. – Fort Worth, May 8, 2008) at *4-*9 provides

a length analysis to this effect.

2.      Judgment That Is Not Final Cannot Support Writ of Possession. Given

DEFENDANTS' MOTION FOR NEW TRIAL

filing of this Motion for New Trial,[1] there is no final and appealable judgment to support any writ of possession. The Thirteenth Court of Appeals has referred to ". . . a writ of execution, which requires a judgment creditor to wait thirty days after the final judgment is signed or the overruling of a motion for new trial . . ." *In Re General Motors Acceptance Corporation*, (Tex.App.–Corpus Christi 2008), No. 13-08-474-CV. It seems well settled that: "We have no doubt that in Texas the statutory term 'execution' includes writs of possession . . ." *Williams v. Masterson*, 306 S.W.2d 152, 155 (Tex.Civ.App.-- Houston 1957). In the event this Motion is granted, there is likewise no final judgment to support a writ. Texas courts have recognized this principle that a final judgment is required to support a writ. The Supreme Court, in *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985), stated, after a length analysis of the necessity of a final judgment to support enforcement relief, that a "writ of execution can only issue after a judgment becomes final." In accord with the same principles, the Fifth Court of Appeals discussed, in majority and dissenting opinions in *Conroy v. Manos*, 679 S.W.2d 124 (Tex.App–Dallas 1984), the basic principle of execution being available on a judgment only after it is final and appealable. Forcible detainer rules and the statute are unusual, in that it is possible to obtain issuance of a writ at the county court level before the judgment of the court can even be bonded for appeal, but it is clear that in that instance there is no intention that

---

[1] Texas Rule of Civil Procedure ("TRCP") 329b.

the writ be executable in the interim. Likewise, given the first principle established in this Motion, that a motion for new trial is permissible in these cases, then in light of the general principles of execution only on final judgments, there can be no valid execution on a judgment herein until it is final and appealable, any motion for new trial having been appropriately disposed.

3. <u>Defective Pleading Meant Suit Should Have Been Abated or Dismissed, or Judgment Should Not Have Been Granted</u>. This suit should have been abated or alternatively dismissed, due to the failure of the Original Petition to be sworn in compliance with Texas Rule of Civil Procedure ("TRCP") 510.3(a) and/or other applicable law, because the Original Petition was not "sworn to by the plaintiff" as required by the plain language of the Rule. TRCP 500.3(d) says: "Eviction cases are governed by Rules 500-507 and 510 of Part V of the Rules of Civil Procedure. To the extent of any conflict between Rule 510 and the rest of Part V, Rule 510 applies." The following subpart (e) specifies that the other rules of evidence and procedure do not apply except in limited circumstances yet to be defined by case law. There is therefore <u>no provision of the applicable rules that permits anyone other than a plaintiff's authorized officer to swear to a forcible detainer petition</u>, so as the Original Petition stood at the time of trial, it failed the threshold requirement of a valid pleading that could have been considered by the Court.

Established law requires that the plain language of Rule 510.3(a) be followed.

The Fourth Court of Appeals, in analysis later approved by the Supreme Court, explains:

> "Well-settled principles of law guide our interpretation of this procedural rule. We apply the same rules of construction to procedural rules as we apply to statutes. *In re VanDeWater*, 966 S.W.2d 730, 732 (Tex. App.-San Antonio 1998, orig. proceeding). "Where a rule of procedure is clear, unambiguous, and specific, we construe the rule's language according to its literal meaning." *Murphy v. Friendswood Dev. Co.*, 965 S.W.2d 708, 709 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Rule interpretation is "a pure question of law over which the judge has no discretion." See *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997).

*In Re Emeritus Corporation*, 179 S.W.3d 112, 114 (Tex.App.—San Antonio 2005).

The Texas Supreme Court, in *In re Christus Spohn Hospital* Kleberg, 222 S.W.3d 434, 437 (Tex. 2007) (emphasis supplied), cited to *In Re Emeritus Corporation* and affirmed that rules of procedure are interpreted by

> " . . . applying the same rules of construction that govern the interpretation of statutes. *See BASF Fina Petrochemicals Ltd. v. H.B. Zachry*, 168 S.W.3d 867, 871 (Tex.App.-Houston [1st Dist.] 2004, pet. denied); *see also In re Emeritus Corp.*, 179 S.W.3d 112, 114 (Tex. App.-San Antonio 2005, orig. proceeding) (holding that a rule of procedure is subject to the same rules of construction as statutes). **When a rule of procedure is clear and unambiguous, we construe the rule's language according to its plain or literal meaning**. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex.2002).

The inescapable conclusion from applying the foregoing principles is that the Judgment was not predicated on a valid pleading, and should be set aside.

12 United States Code §4502(12) defines who has executive authority to act

for Plaintiff, which is an "enterprise" covered by this statute per subsections (3), (10) and (20):

> "(12) **Executive officer** The term "executive officer" means, with respect to an enterprise, the chairman of the board of directors, chief executive officer, chief financial officer, president, vice chairman, any executive vice president, and any senior vice president in charge of a principal business unit, division, or function.

12 United States Code §1723(b) details how the board of directors of Plaintiff is to appoint each and every person who shall be an officer authorized to conduct business for the Plaintiff, including in the context of Plaintiff suing and being sued:

> . . . Within the limitations of law and regulation, the board shall determine the general policies which shall govern the operations of the corporation, and shall have power to adopt, amend, and repeal bylaws governing the performance of the powers and duties granted to or imposed upon it by law. The board of directors shall select and effect the appointment of qualified persons to fill the offices of president and vice president, and such other offices as may be provided for in the bylaws.

There has been before the Court no evidence whatsoever that the person purporting to swear to the petition in this case has been appointed by the board of directors of Plaintiff as an officer of Plaintiff to act for it in this case or any other matter. Further, Defendants would show that the plain language of the applicable Rule mandates that the *original* petition be "sworn to by the plaintiff" and a lack of such is not curable

by an amendment to pleading as in the instant case.

4. <u>Plaintiff Does Not Have Right to Rely on the Deed of Trust's Tenancy Language</u>. This suit should be abated or dismissed because the Plaintiff is not entitled to the benefit of the language regarding tenancy on which Plaintiff relies for its claim that Plaintiffs are tenants at sufferance and Plaintiff has a superior right to immediate possession of the real property at issue. Plaintiff was not a beneficiary of the Deed of Trust nor was it the grantor of a trustee's deed to the real property. Due to the foregoing, there is therefore no foundation for the Judgment.

Wherefore, Defendants ask that the Court recall any writ of possession presently issued or that may hereafter be issued, vacate the Judgment in its entirety, vacate all relief granted as sought by Plaintiff as Plaintiff has (and had) no standing, grant the Defendants a hearing and new trial, and at such new trial an abatement or dismissal of Plaintiff's case, in the interest of justice and fairness. Defendants pray for such other and further relief, at law or in equity, to which they may be entitled.

Respectfully submitted,

*/s/ Michael Brinkley*

_____

**Michael Brinkley**
State Bar No. 03004300
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, Texas 76182-0711
(817) 284-3535; metro (817) 589-7111
fax (888) 511-0946
michael@brinkleypllc.com
Attorney for Defendants

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served on the following attorney(s) of record personally or through their representative in accordance with Texas Rules of Civil Procedure 21 and 21a, on Monday, May 14, 2015:

**Cole D. Patton / Lance J. Erickson**
MCCARTHY, HOLTHUS & ACKERMAN, LLP
1255 West 15th Street, Suite 1060
Plano, Texas 75075
(214) 291-3800 / (214) 291-3801 fax

*/s/ Michael Brinkley*

_____

**Michael Brinkley**