**In re R.J.J., a Minor, Petitioner.**

No. 97–0819.

Supreme Court of Texas.

Jan. 16, 1998.

Robert L. Smith, Henderson, Dan Morales, Austin, for petitioner.

Clifton L. Holmes, Longview, for respondent.

**OPINION**

PER CURIAM.

In this juvenile murder case, we consider whether a sentencing provision that references a Penal Code statute applies to the statute as it existed before its amendment in 1994, or as it existed at the time of the offense, which occurred after the amendment. The trial court submitted a jury question that reflected a hybrid of the two statutes, and the defendant was convicted. The court of appeals reversed and remanded for a new trial, instructing the trial court to apply the pre-amendment version of the statute. —— S.W.2d ——. We agree that the case must be remanded, but we disagree with the court of appeals' instructions.

On November 16, 1994, the juvenile defendant shot and killed another teenager. The evidence suggested that the killing might warrant a voluntary manslaughter charge. Because this was a juvenile proceeding, the trial court had to determine whether the crime was subject to determinate sentencing under section 53.045 of the Family Code. Enacted in 1991, this section allows the State to refer a juvenile's petition to the grand jury if the petition alleges certain first degree felonies, including murder under Penal Code

section 19.02. TEX. FAM.CODE ANN. § 53.045(a)(1). When the Legislature enacted section 53.045, the Penal Code listed voluntary manslaughter in section 19.04 as a second degree felony. Act of June 14, 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 913, *amended by* Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3613. Voluntary manslaughter was not included among the offenses in section 53.045 of the Family Code. Act of June 15, 1991, 72d Leg., R.S., ch. 574, § 1, 1991 Tex. Gen. Laws 2053, *amended by* Act of May 31, 1995, 74th Leg., R.S., ch. 262, §§ 26, 27, 1995 Tex. Gen. Laws 2530. In 1993, the Legislature deleted the voluntary manslaughter language from section 19.04 and added it to section 19.02. Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3613.

The amendment to section 19.02, effective September 1, 1994, had two practical implications. First, the amendment shifted the burden of proof on the issue of voluntary manslaughter. Before the 1994 amendment, the State was required to prove beyond a reasonable doubt, at the guilt/innocence stage, that the crime *was not* committed under "the immediate influence of sudden passion arising from an adequate cause." *Cobarrubio v. State,* 675 S.W.2d 749, 751 (Tex.Cr.App.1983) (quotation omitted). The Legislature amended the statute to remove the State's burden to prove a negative, as well as to eliminate other problems if the case had to be retried. For crimes committed after August 31, 1994, the defendant bears the burden at the penalty phase to prove by a preponderance of the evidence that the crime *was* committed under "the immediate influence of sudden passion arising from an adequate cause." TEX. PENAL CODE ANN. § 19.02(d).

Second, the amendment added voluntary manslaughter to the crimes subject to determinate sentencing under section 53.045. Before the amendments, voluntary manslaughter was a separate offense and was not among those listed in section 53.045. The amended version of section 19.02 incorporated voluntary manslaughter and thereby made it eligible for a determinate sentence.

■ The issue in this case arose when the trial court submitted a jury instruction that was a hybrid of the two burdens of proof. The jury question read, "Do you find from the evidence by a preponderance of the evidence that the [Defendant] caused the death ... while under the immediate influence of sudden passion arising from an adequate cause?" The jury instruction complied with the amended statute by placing the burden on the defendant to establish "sudden passion arising from an adequate cause" by a preponderance of the evidence. However, it improperly followed the standard of the pre-amendment statute by placing this determination in the guilt/innocence phase rather than the punishment phase of the trial. The court of appeals correctly held that the trial court erred in its compromise of the jury instruction and therefore remand was proper. However, the court of appeals came to the wrong conclusion about which version of Penal Code section 19.02—pre-or post–1994 amendments—should be the referent of section 53.045 of the Family Code.

■ When one statute references another statute, one must look to the referenced statute to understand the referencing statute. This becomes problematic when the Legislature repeals or modifies the referenced statute; different rules of construction apply when the referenced statute is repealed as opposed to when it is amended or revised. When the referenced statute is *repealed,* the meaning and scope of the referencing statute do not change, absent clear legislative intent to the contrary. *See Harris County Dist. Attorney's Office v. J.T.S.,* 807 S.W.2d 572, 572 (Tex.1991). On the other hand, when the referenced statute is *amended* or *revised,* the referencing statute incorporates the amendments or revisions. *See* TEX. GOV'T CODE ANN. § 311.027 ("Unless expressly provided otherwise, a reference to any portion of a statute or rule applies to all reenactments, revisions, or amendments of the statute or rule.").

Here, the court of appeals incorrectly concluded that an *amendment* to a referenced statute should not change the application of the old version of the statute. —— S.W.2d at ——. The court of appeals should have applied the amendments to Penal Code section 19.02 to its construction of Family Code section 53.045. *See* TEX. GOV'T CODE ANN. § 311.027. Furthermore, in 1995, the Legisla-

ture added other second degree offenses to section 53.045, suggesting that voluntary manslaughter, also a second degree felony, is a crime correctly subject to determinate sentencing. Act of May 31, 1995, 74th Leg., R.S., ch. 262, §§ 26, 27, 1995 Tex. Gen. Laws 2530. Had the Legislature wanted to exclude the voluntary manslaughter language from consideration under section 53.045, it could have done so with its 1995 amendment; it chose not to. In the face of clear statutory language to the contrary and subsequent legislative inaction that implies acquiescence, the court of appeals incorrectly applied the pre-amendment version of section 19.02.

Under Rule 59.1 of the Texas Rules of Appellate Procedure, we grant the State's application for writ of error and, without hearing oral argument, we affirm the judgment of the court of appeals and remand for trial consistent with this opinion.