Ex parte Lewis HALL, Applicant.

No. 73354.

Court of Criminal Appeals of Texas.

June 30, 1999.

Appellant, pro se.

Brian Rose, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

1. TEX.CRIM. PROC.CODE ANN. Article 42.18, § 8(c). Now also located at TEX. GOV'T.CODE ANN. § 508.149(a)(6). *See Ex parte Ruthart*,

## OPINION

KEASLER, J., delivered the opinion of the Court, in which McCORMICK, P.J., and MEYERS, KELLER, PRICE, HOLLAND, and JOHNSON, J.J., joined.

This case calls upon us to decide the proper application of the statute which controls an inmate's eligibility for mandatory supervision. The statute specifies that inmates with prior convictions for certain offenses are ineligible for mandatory supervision. But the list of offenses has changed over time. Is an inmate's eligibility for mandatory supervision determined by whether his prior conviction is on the list as it existed at the time he committed his current offense, or whether it was on the list at the time that the prior offense was committed? We conclude the prior conviction must be on the current list.

### FACTS

Lewis Hall was convicted of delivery of simulated cocaine and sentenced to three years in prison. He did not appeal. He filed this post-conviction application for a writ of habeas corpus arguing that the Texas Department of Criminal Justice is improperly denying him release to mandatory supervision.

The record reflects that Hall's calendar time served plus his accrued good conduct time equal over three years. But TDCJ is denying him release to mandatory supervision because he has a prior conviction for third-degree aggravated assault.

### ANALYSIS

This offense was committed January 23, 1997. At that time, the relevant statute provided as follows:

A prisoner may not be released to mandatory supervision if the prisoner ... is serving a sentence for or has previously been convicted of: ... (5) a second degree or first degree felony under Section 22.02, Penal Code (Aggravated Assault).[1]

980 S.W.2d 469, 474 n. 1 (Tex.Crim.App. 1998).

Hall has a previous conviction for third-degree aggravated assault. At the time he committed the assault, the statute was worded differently. At that time, a conviction for second- or third-degree aggravated assault rendered the prisoner ineligible for release on mandatory supervision.

The question then is whether Hall's prior conviction for third-degree aggravated assault can render him ineligible for mandatory supervision on his current sentence. The answer is no. Hall's eligibility for mandatory supervision release is determined by the statute in effect at the time of his current offense. That statute requires that the prior conviction be for an offense enumerated on the current list of ineligible offenses before it renders the current conviction ineligible for mandatory supervision release.

Hall's prior conviction was for an offense which is not included on the current list of offenses ineligible for release on mandatory supervision. Therefore, he must be released if his calendar time served plus his good time accrued exceed three years, and a parole panel has not determined that his accrued good conduct time is not an accurate reflection of his potential for rehabilitation and that his release would endanger the public.[2] Hall is entitled to relief.

## CONCLUSION

Relief is granted. The Texas Department of Criminal Justice, Institutional Division, shall classify Applicant as eligible for mandatory supervision in cause number 743246 in the 262nd Judicial District Court of Harris County, and shall immediately release him to mandatory supervision if his accrued time credits exceed three years (and a parole panel has not determined that his good conduct time is not an accurate reflection of his potential for rehabilitation and his release would endanger the public).

2. *See* TEX. GOV'T.CODE ANN. § 508.149(b) (Vernon 1998).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional Division, Parole Division, and Board of Pardons and Paroles Division.

MANSFIELD and WOMACK, J.J., concurred in the result.