IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50762
Summary Calendar
_____

BRUCE CLIFTON HOFFMAN

Petitioner - Appellant

v.

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-376
--------------------
January 30, 2002

Before KING, Chief Judge, and DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

Bruce Clifton Hoffman, Texas prisoner #806077, has filed a 28 U.S.C. § 2254 application alleging that: (1) his mandatory release date was rescinded in violation of the Ex Post Facto Clause; (2) the State of Texas did not provide any remedies for him to pursue his instant claims, thereby negating the exhaustion requirement; and (3) application of Texas House Bill 1433, which amended TEX. GOV'T CODE ANN. § 508.149(a), to Hoffman, thereby rendering him ineligible for mandatory supervision, constituted cruel and unusual punishment in violation of the Eighth Amendment

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the U.S. Constitution.  Hoffman concedes that he has not exhausted his state remedies, stating instead that state court review is not possible.  But state court review of Hoffman's argument in Texas state court is possible.  See, e.g., Ex parte Hall, 995 S.W.2d 151 (Tex. Crim. App. 1999).  Thus, Hoffman has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1).  See Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).  The judgment of the district court dismissing Hoffman's 28 U.S.C. § 2254 application is AFFIRMED.