IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,193 & 75,194






EX PARTE MICHAEL TYRONE CARTER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY






 Price, J., delivered the opinion of a unanimous Court.


O P I N I O N



 The applicant filed an application for writ of habeas corpus, claiming that the
Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID)
has erroneously labeled him ineligible for mandatory supervision release on his
convictions for unauthorized use of a vehicle. We filed and set the case to determine
whether TDCJ-CID was incorrect in doing so in light of the applicant's prior conviction
for burglary of a habitation. We hold that, because the applicant's prior offense was not a
first-degree felony at the time the applicant committed the instant offenses, he is eligible
for mandatory supervision release.

I. Facts and Procedural History


 The applicant pled guilty, pursuant to a plea agreement with the State, to two
charges of unauthorized use of a vehicle and pled true to two enhancement allegations. 
The trial court sentenced the applicant to two concurrent five-year terms of imprisonment
in TDCJ-CID and a $1,500 fine. The applicant did not appeal his convictions or
sentences. 

 The applicant filed an application for writ of habeas corpus, claiming that
TDCJ-CID is improperly denying him mandatory supervision release. 

 The record before us includes an affidavit submitted by TDCJ-CID. In the
affidavit, the affiant explains that the applicant received notice that the Board of Pardons
and Paroles (Parole Board) voted to release him to mandatory supervision on May 11,
2004. After a records search, TDCJ-CID determined that the applicant was not eligible
for mandatory supervision release because he had a prior conviction for first-degree
burglary of a habitation. (1) TDCJ-CID changed the applicant's status to non-eligible for
mandatory supervision and informed the Parole Board. The Parole Board voted to
withdraw its prior vote. The applicant was provided no hearing or opportunity to respond
before the Board voted the second time.

 When the applicant committed the current or holding offenses in 2002,
Government Code Section 508.149 denied mandatory supervision release eligibility to
inmates with a current or prior conviction for one of the enumerated offenses. The
enumerated list includes a first-degree felony under Penal Code Section 30.02
(Burglary). (2)

 The applicant was convicted of burglary of a habitation with the intent to commit
theft in 1977. At that time, the offense was a first-degree felony. (3) Under the Penal Code
at the time the applicant committed the holding offenses, burglary of a habitation with
intent to commit theft was a second-degree felony (4)

II. Law and Analysis


 We have said that an inmate's eligibility for release on mandatory supervision or
parole is determined by the statute in effect when the holding offense was committed. (5) 
More specifically, we recently held in Ex parte Thompson that we should look at the
essential characteristics of the prior conviction and not just the title. (6) These
characteristics include the criminal conduct, the mental state, and accompanying
circumstances of the offense. (7) In that case, we held that, although a first-degree burglary
is on the list of enumerated offenses that makes an inmate ineligible for mandatory
supervision release, the enumerated offenses do not include burglary of a habitation with
the intent to commit theft. (8)

 In this case, the applicant has a prior conviction for burglary of a habitation with
intent to commit theft. Although this offense was a first-degree felony when the applicant
committed the offense, this conduct was not included in the list of enumerated offenses
that make an inmate ineligible under Government Code Section 508.149 when he
committed the holding offense. 

 The applicant is entitled to relief. TDCJ-CID shall treat the applicant as an inmate
eligible for release to mandatory supervision. Copies of this opinion shall be sent to
TDCJ-CID and the Board of Pardons and Paroles.


Delivered: November 16, 2005

Do Not Publish.
1. In support of its conclusion, TDCJ-CID cited Government Code Section 508.149.
2. Tex. Gov't Code § 508.149(13).
3. Act of May 24, 1973, 63d Leg., R.S., ch. 399, §1, 1973 Tex. Gen. Laws 883, 926-27;
amended by Act of May 29, 1993, 73d Leg., R.S., ch. 900, §1.01, 1973 Tex. Gen. laws 3586,
3633.
4. Tex. Penal Code § 30.02(c)(2) & (d).
5. Ex parte Hall, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999).
6. Ex parte Thompson, No. AP-75,248, slip op. at 8, 2005 Tex. Crim. App. LEXIS 1353,
*11 (Tex. Crim. App. Sept. 28, 2005).
7. Ibid.
8. Ibid.