IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,609-03






EX PARTE JOSEPH MEEKS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 02CR2617 IN THE 122ND JUDICIAL DISTRICT COURT OF
GALVESTON COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant pleaded guilty to unauthorized use of a motor vehicle, and punishment was
assessed at four years' confinement. No direct appeal was taken.

 Applicant contends inter alia that he is being improperly classified as ineligible for
release to mandatory supervision, because of a prior first-degree burglary of a habitation
conviction. Applicant alleges that his prior burglary of a habitation conviction is not one that
would render him ineligible for mandatory supervision. See Ex parte Thompson, 173 S.W.3d
458 (Tex. Crim. App. 2005).

 The trial court has entered an order concluding "that there are no controverted,
previously unresolved facts material to the legality of the Applicant's confinement...." 
However, we disagree. Applicant has stated facts requiring resolution. Because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution. This trial court may resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
TDCJ, or it may hold a hearing. In the appropriate case, the trial court may rely on personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant has any prior convictions which render him ineligible for mandatory
supervision on this conviction. If Applicant's prior burglary of a habitation conviction does
not render him ineligible for mandatory supervision, the trial court shall make findings as to
why TDCJ classifies Applicant as ineligible for supervised release. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within one hundred and twenty days of the
date of this order. (2)


 IT IS SO ORDERED THIS THE 18th Day of January, 2006.


EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.