IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,325






EX PARTE TORIBIO QUINTERO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NUMBER 971819 FROM THE 299TH


DISTRICT COURT OF TRAVIS COUNTY






 Per curiam.



O P I N I O N



 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of driving while
intoxicated and punishment, enhanced by a prior conviction, was assessed at confinement for
fifteen years. No direct appeal was taken.

 Applicant contends that he has improperly been denied release on mandatory supervision. 
The trial court entered findings of fact that Applicant has been denied release on mandatory
supervision because he was previously convicted of aggravated assault on a peace officer, a third
degree felony, and that assault was committed in 1984.

 A prior conviction for a third degree felony aggravated assault does not render an inmate
ineligible for mandatory supervision if that conviction did not include a finding that a deadly
weapon was used or that serious bodily injury resulted. Ex parte Hall, 995 S.W.2d 151 (Tex.
Crim. App. 1999); Ex parte Byrd, 162 S.W.2d 250 (Tex. Crim. App. 2005). Applicant's previous
aggravated assault conviction did not include either of these elements, so the Texas Department
of Criminal Justice has erroneously classified Applicant as ineligible for mandatory supervision.

 Habeas corpus relief is granted. The Texas Department of Criminal Justice, correctional
institutions division, shall immediately release Applicant to mandatory supervision if his accrued
time credits exceed fifteen years.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
correctional institutions and parole divisions, and to the Texas Board of Pardons and Paroles.


DELIVERED: January 25, 2006

DO NOT PUBLISH



Keller, P.J., and Keasler, J., dissent