IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-55,898-02






EX PARTE JOHN ANTHONY JONES, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER W94-35604-L(A) IN THE CRIMINAL 

DISTRICT COURT NO. 5 DALLAS COUNTY 



 



 Per curiam.

 

O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was indicted for burglary of a habitation as a habitual offender. The
burglary was alleged to have been committed on July 30, 1994. Applicant waived his right
to a jury trial and entered a plea of no contest before the court. The State agreed to abandon
the second enhancement paragraph of the indictment, and Applicant agreed to plea true to
the remaining enhancement paragraph. Following the presentation of evidence and
argument, the trial court sentenced Applicant to a term of fifteen years in prison. Applicant's
conviction was affirmed on direct appeal. Jones v. State, No. 04-95-00299-CR (Tex.
App.--San Antonio, delivered August 16, 1995, no pet.).

 In this application for a writ of habeas corpus, Applicant argues, inter alia, that the
Texas Department of Criminal Justice (TDCJ) is not properly considering him for release to
mandatory supervision and that his plea agreement was breached. The judgment reflects that
the burglary of a habitation felony for which Applicant was convicted was classified as a
first-degree offense. The law in effect at the time the offense was committed indicates that
all burglaries of a habitation were first-degree felonies. Tex. Penal Code § 30.02 (1994). 
The punishment range with the enhancement paragraph was fifteen to ninety-nine years or
life in prison. Tex. Penal Code § 12.42 (c) (1994). 

 The offense of burglary of a habitation with intent to commit theft, however, is not
included in the list of offenses under Section 508.149(a) of the Texas Government Code,
which renders an inmate ineligible for release on mandatory supervision. Ex parte
Thompson, 173 S.W.3d 458 (Tex. Crim. App. 2005). Here, the record does not contain a
copy of the indictment to which Applicant pled. On the current record, then, it is not possible
to tell if the burglary for which Applicant was convicted was with the intent to commit theft
or a felony other than theft. Also, the record does not contain any of the plea papers in
Applicant's case.


 Thus, it is this Court's opinion that more information is needed before this Court can
render a decision on Applicant's claim, including a copy of the indictment to which
Applicant pled, the plea papers concerning Applicant's plea, and an affidavit from TDCJ
concerning the reasons for denying Applicant's release to mandatory supervision. Because
this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum. The trial court shall resolve these issues as
set out in Article 11.07, Section 3(d), of the Texas Code of Criminal Procedure. In addition
to ordering an affidavit from TDCJ and providing the necessary documents, the trial court
may order additional affidavits, depositions, interrogatories, or hold a hearing. In the
appropriate case, the trial court may also rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing.
Following the receipt of additional information, the trial court shall make any further findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: January 25, 2006.

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.