IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,541-01






EX PARTE RANDOLF JOSEPH RAMIREZ, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER W01-37073-P(A) IN THE 203RD JUDICIAL

DISTRICT COURT DALLAS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of burglary of a habitation with intent to commit theft, and
the trial court sentenced him to confinement for twelve years. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends that the Texas
Department of Criminal Justice-Criminal Institutions Division (TDCJ) is unlawfully denying
him release to mandatory supervision. While the trial court has entered findings of fact and
conclusions of law that Applicant is entitled to relief under Ex parte Thompson,173 S.W.3d
458 (Tex. Crim. App. 2005), it is this Court's opinion that additional information is needed
before a decision can be reached. In particular, the trial court shall obtain information
regarding the reason or reasons TDCJ is not considering Applicant eligible for release to
mandatory supervision, including whether Applicant has additional convictions, or other
circumstances, that render him ineligible.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
this issue as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal Procedure,
in that it shall order an affidavit from the Classification and Records Division of TDCJ. The
trial court may also order depositions, interrogatories, or hold a hearing. In the appropriate
case, the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make any further
findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, because this Court
does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. Resolution of the issues shall be accomplished by the trial court
within 90 days of the date of this order. (1) A supplemental transcript containing all affidavits
and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition along with the trial court's supplemental findings of fact and conclusions of law,
shall be returned to this Court within 120 days of the date of this order. (2)




DELIVERED: FEBRUARY 8, 2006.


DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.