IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,559-01






EX PARTE PHILLIP MARVIN CANADA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 97-01-0006A-CR IN THE 97TH DISTRICT COURT


FROM ARCHER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation with intent to commit theft and sentenced to seven years' imprisonment. 

 Applicant contends that he is being denied a mandatory supervision release date. Applicant
is serving two sentences, a five year sentence from Throckmorton County and the instant offense. 
The Throckmorton County offense is subject to the discretionary mandatory supervision law, while
the instant offense occurred before mandatory supervision became discretionary. Applicant contends
that The Texas Department of Criminal Justice (TDCJ) is not showing that he is eligible for
mandatory supervision release on the instant offense as soon as his Throckmorton County case is
discharged. Applicant has alleged facts that, if true, might entitle him to relief. Ex Parte Thompson,
173 S.W.3d 458 (Tex. Crim. App. 2005). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of General Counsel to obtain
an affidavit stating whether Applicant is eligible for mandatory supervision release on the instant
offense and if not, why not. The affidavit should state whether Applicant is serving a sentence for,
or has previously been convicted of, an offense which was listed in Tex. Gov't. Code § 508.149(a). 

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings as to whether Applicant is eligible for mandatory
supervision release on the instant offense as soon as his sentence for the Throckmorton County case
is discharged. The trial court shall also make findings as to whether TDCJ is treating Applicant
properly under the mandatory supervision laws applicable at the time of his offense. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: April 9, 2008

Do not publish