IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,721






EX PARTE FLOYD WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 355904 IN THE 183rd JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O P I N I O N



 In 1982, applicant was convicted of murder, and punishment was assessed at confinement
for twenty-five years. There was no appeal from this conviction. Applicant has filed an application
for writ of habeas corpus pursuant to Tex. Code Crim. Proc., Article 11.07, § 3, in which he
contends that he has improperly been denied release on mandatory supervision because the Texas
Department of Criminal Justice is improperly calculating his time credit.

 Applicant committed this offense May 15, 1982. Applicant contends that his total credits on
this sentence exceed twenty-five years, but the Texas Department of Criminal Justice (TDCJ) has
failed to designate this sentence as having "ceased to operate." The trial court has obtained affidavits
from TDCJ personnel and made findings of fact.

 Those findings and affidavits reflect that, on February 24, 1989, subsequent to applicant's
conviction, sentence, and incarceration for the murder, applicant was charged with possession of a
deadly weapon in a penal institution, committed on August 19, 1988. He was convicted and
sentenced to ten years' incarceration, to run consecutively to this twenty-five-year murder sentence. 
After he was assessed the consecutive ten-year sentence, applicant was charged with aggravated
assault of a correctional officer, committed on August 13, 1990, convicted, and sentenced to five
years' incarceration, to run consecutively to the ten-year sentence for possession of a deadly weapon
in a penal institution. The affidavits and the trial court's findings also reflect that TDCJ is
calculating applicant's time as if he is serving a single forty-year cumulated sentence and that he is
classified as ineligible for release to mandatory supervision because his conviction for aggravated
assault of a correctional officer makes him ineligible.

 Before September 1, 1987, the only inmates deemed ineligible for mandatory-supervision
release were prisoners who were "a person under sentence of death." Effective September 1, 1987,
Tex. Code Crim. Proc., Article 42.18, § 8(c), precluded individuals who had been convicted of
certain offenses from being released to mandatory supervision. The amended statute governed a
defendant's eligibility for release on mandatory supervision only if the defendant had been sentenced
for an offense committed on or after September 1, 1987. (1) Because applicant committed the murder
which is the subject of this writ application in 1982, applicant is eligible for mandatory supervision
on his sentence for this pre-1987 murder offense.

 Pursuant to our holdings this day in Ex parte Forward, ___ S.W.3d ___, No. AP-75,705 
(Tex. Crim. App. delivered July 2, 2008), TDCJ must first calculate a release date for mandatory
supervision for the mandatory-supervision-eligible sentences as a unit, and then it shall add the
length of the mandatory-supervision-ineligible sentences to arrive at a final mandatory supervision
release date. And as also noted in Forward, supra, slip op. at 2, applicant cannot ever be released
to mandatory supervision on a sentence which is ineligible for mandatory-supervision release.

 Because we have determined that applicant is eligible for mandatory supervision release on
the instant murder sentence, we grant relief as to that conviction. TDCJ is ordered to classify
applicant as eligible for mandatory supervision release on this twenty-five-year sentence for his
murder conviction. However, TDCJ shall calculate his time for this sentence and the sentences
ordered to be served consecutively therewith in accordance with our holdings in Forward. Copies
of this opinion shall be sent to TDCJ's State Classification Committee-Correctional Institutions
Division, and its Pardons and Parole Division.


Delivered: July 2, 2008

Publish
1. It is well settled that an inmate's eligibility for mandatory supervision is controlled by the mandatory-supervision statute in effect on the date of the commission of the offense for which the inmate is incarcerated. Ex
parte Noyola, 215 S.W.3d 862, 865 (Tex. Crim. App. 2007); Ex parte Thompson, 173 S.W.3d 458, 459 (Tex. Crim.
App. 2005); Ex parte Hall, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999).