IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,571-01






EX PARTE MARTIN GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05-11-10,669-CR-1 IN THE 38TH DISTRICT COURT


FROM UVALDE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony driving
while intoxicated and sentenced to five (5) years' imprisonment. 

 Applicant contends that the Texas Department of Criminal Justice (TDCJ) is designating him
as ineligible for mandatory supervision release because of a prior third-degree aggravated assault
conviction even though that offense is not included on the applicable list of enumerated offenses. 
Tex. Gov't Code, § 508.149(a)(6), (West, 2003). Applicant has alleged facts that, if true, might
entitle him to relief. See Ex parte Hall, 995 S.W.2d 151 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the General Counsel's Office of the TDCJ to file an affidavit addressing whether
Applicant is designated as eligible for mandatory supervision release and, if not, shall specify the
reason why Applicant is not designated as eligible for mandatory supervision release. The affidavit
shall state whether Applicant has been convicted of any offense which makes him ineligible for
mandatory supervision release under Tex. Gov't Code § 508.149 and, if so, shall identify such
offenses. The record contains an ambiguity as to whether the 1990 third-degree aggravated assault
conviction has become a final felony conviction. The trial judge shall supplement the record with
information clarifying whether said conviction has become a final felony conviction. The trial court
may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may
rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc.
art. 26.04.

 The trial court shall make findings of fact as to whether the TDCJ has designated Applicant
as eligible for mandatory supervision release and, if not, as to why Applicant is not designated as 
eligible for mandatory supervision release. The trial court shall make findings of fact as to whether
Applicant has been convicted of any offense which makes him ineligible for mandatory supervision
release under Tex. Gov't Code § 508.149 and, if so, shall identify such offenses. The trial judge
shall make findings of fact as to whether the 1990 third-degree aggravated assault conviction is a
final felony conviction. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 29, 2008

Do not publish