

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,324-04

### EX PARTE LARRY HALEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 11-02213-CRF272-D IN THE 272ND DISTRICT COURT FROM BRAZOS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of assault/family violence and sentenced to fourteen years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Haley v. State*, No. 10-13-00264-CR (Tex. App.—Waco July 3, 2014). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied review for discretionary mandatory supervision release from the Board of Pardons and Paroles. *See* TEX. GOV'T CODE §§ 508.147, 508.149. Applicant has alleged facts that, if true, might entitle him to relief. *Ex Parte Thompson*, 173 S.W.3d 458 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the

appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is eligible for discretionary mandatory release review. If Applicant is not eligible for such review, the trial court shall make findings regarding the reasons for his ineligibility. If Applicant is eligible for review, the trial court shall make findings regarding whether he has been reviewed for such release. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 15, 2020
Do not publish