

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-25-00428-CV

**METHODIST HEALTHCARE SYSTEM OF SAN ANTONIO, LTD**,
Appellant

v.

Melissa **CAMPBELL**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2022CI16726
Honorable Angelica Jimenez, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori I. Valenzuela, Justice
                H. Todd McCray, Justice

Delivered and Filed: June 24, 2026

REVERSED AND REMANDED

In this permissive interlocutory appeal Appellant Methodist Healthcare System of San Antono, LTD ("Methodist") challenges the denial of its motion for summary judgment based on an asserted affirmative defense pursuant to section 74.155 of the Texas Civil Practices and Remedies Code. We reverse the judgment of the trial court and remand this matter to the trial court for rendition of judgment in accordance with this opinion.

**BACKGROUND**

As this matter raises a pure question of law and the relevant underlying facts are undisputed, we will not recite them here except as necessary to advise the parties of this court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.1.

This matter arises from a health care liability claim filed by Plaintiff Melissa Campbell. The claim is based on the care her father received at Methodist, for pneumonia due to the COVID-19 virus, which Campbell contends was negligent.

In early 2023, Campbell served two Chapter 74 expert reports on Methodist (the "2023 Expert Reports"). Methodist timely objected to the qualifications of these two experts as well as the sufficiency of their reports. In November 2023, the trial court heard Methodist's objections to Campbell's 2023 Expert Reports and subsequently entered an order sustaining Methodist's objections but allowing Campbell thirty days in which to supplement the deficient reports.[1] Campbell served supplemental Chapter 74 expert reports in February 2024 to which Methodist did not object (the "2024 Supplemental Reports").

In August 2023, prior to being served with the 2024 Supplemental Reports, Methodist amended its answer to include notification of its intent to assert the statutory pandemic defense pursuant to section 74.155 along with factual assertions supporting that defense.

Methodist later filed a motion for summary judgment based on its affirmative defense under section 74.155. Campbell countered that Methodist's assertion of its section 74.155 affirmative defense in August 2023 was not timely under section 74.155(g), because it was not

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 74.351(c) ("If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency.").

filed within sixty days of when the 2023 Expert Reports were served in early 2023. *See* TEX. CIV. PRAC. & REM. CODE § 74.155(g).

The trial court denied Methodist's motion for summary judgment, but the order went on to authorize a permissive interlocutory appeal of the ruling under section 51.014(d) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d). Methodist filed a petition for permissive appeal in this court, which we granted.

### SCOPE OF PERMISSIVE APPEAL

A trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if (1) the order to be appealed from involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Id.* "In a permissive appeal, we limit our review to the controlling legal question on which there is a substantial ground for disagreement and for which immediate resolution may materially advance the litigation." *Harbor Am. Cent., Inc. v. Armand*, 692 S.W.3d 777, 781 (Tex. App.—San Antonio 2024, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE § 51.014(d); TEX. R. APP. P. 28.3(e)(4); TEX. R. CIV. P. 168.

In this case, the controlling question of law identified in the trial court's order is whether service of an inadequate Chapter 74 expert report triggers the sixty-day deadline for a defendant to assert the affirmative defense of liability of health care providers during a pandemic as set out in section 74.155. We conclude it does not.

### ANALYSIS

On June 14, 2021, Governor Abbot signed into law the Pandemic Liability Protection Act ("PLPA"), which protects healthcare providers from liability for injuries or death related to

pandemic diseases such as COVID-19. *See* TEX. CIV. PRAC. REM. CODE § 74.155. Section 74.155(b) states a healthcare provider is not liable for injury or death in cases where a pandemic disease was a producing cause of the care, treatment, or failure to provide care or treatment that allegedly caused the injury or death. *See id.* at § 74.155(b). This protection requires the healthcare provider to allege facts by the later of the 60th day after the date the claimant serves an expert report under section 74.351, or the 120th day after the date the healthcare provider files an original answer. *See id*. at § 74.155(g). Methodist asserts that it properly raised this affirmative defense within the mandated time frame. We agree.

Campbell's health care liability claim is governed by Chapter 74 of the Texas Civil Practice and Remedies Code. Section 74.351 provides that within 120 days of filing a claimant must serve a curriculum vitae and one or more expert reports regarding every defendant against whom a health care claim is asserted. *See* TEX. CIV. PRAC. REM. CODE § 74.351. An expert report required by section 74.351(a) is meant to serve two purposes: (1) to inform the defendant of the specific conduct the claimant is questioning and (2) to provide a basis for the trial court to conclude that the claim has merit. *See Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 363 (Tex. 2019) (explaining that the Texas Medical Liability Act imposes a "threshold requirement that suits asserting health care liability claims must be supported by an expert report *before litigation gets underway*.") (emphasis added); *Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 253 (Tex. 2010) ("The Legislature created the threshold report requirement as a substantive hurdle for frivolous medical liability suits before litigation gets underway.").

To enforce this threshold requirement, section 74.351(b) requires trial courts to dismiss a claim with prejudice and award fees if "an expert report has not been served" by the statutory deadline. *See* TEX. CIV. PRAC. REM. CODE § 74.351(b). However, subpart (c) permits a thirty–day

extension of the deadline "[i]f an expert report has not been served within the [statutory deadline] because elements of the report are found deficient. *See id.* § 74.351(c). Interpreting these two subparts together, the Supreme Court of Texas concluded that if an expert report is deficient then the report has not yet been served in accordance with section 74.351(a):

> [I]n section 74.351(c), the Legislature made clear that when it used the words "an expert report has not been served," it meant to include cases in which an inadequate report has been served . . . When a statute uses a term with a particular meaning, we are bound by the statutory usage. As subpart (c) defines a timely but deficient report as one that "has not been served," the same meaning must be given the same phrase in subpart (b).

*Lewis v. Funderburk*, 253 S.W.3d 204, 207-08 (Tex. 2008); *see also In re Lumsden*, 291 S.W.3d 456, 460 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("[A]n expert report is not 'served' unless its content comports with statutory requisites.") (citing *Lewis*, 253 S.W.3d at 207-08). Accordingly, we must now determine, as a matter of first impression, whether the conclusion reached in *Lewis* is applicable to the deadline to assert an affirmative defense under section 74.155.

"When construing a statute, our primary objective is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen." *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007); *see also* TEX. GOV'T CODE § 312.005. "Ordinarily, the truest manifestation of what legislators intended is what lawmakers enacted, the literal text they voted on." *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006).

In discerning a statute's plain and common meaning, we presume the Legislature enacted the statute with complete knowledge of the existing law and with reference to it. *In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 572 (Tex. 2015). "When the Legislature uses substantially the same words and phrases in a statute, subsequent uses of that same word in the same subject area ordinarily carry the same meaning." *In re N.L.S.*, 715 S.W.3d 760, 764 (Tex. 2025) (per curiam); *see also Lewis*, 253 S.W.3d at 207-08. This rule is especially true when a

judicial interpretation of the word exists. *See In re R.R.A.*, 687 S.W.3d 269, 277 (Tex. 2024). Additionally, "[w]hen one statute references another statute, one must look to the referenced statute to understand the referencing statute." *In re R.J.J.*, 959 S.W.2d 185, 186 (Tex. 1998) (per curiam).

> The relevant part of section 74.155 states:

> A physician, health care provider, or first responder who intends to raise a defense under Subsection (b) must provide to a claimant specific facts that support an assertion under Subsection (b)(1) or (2) not later than the later of: (1) the 60th day after the date the claimant *serves an expert report* on the physician, health care provider, or first responder *under Section 74.351*[.]

TEX. CIV. PRAC. REM. CODE § 74.351(g)(1) (emphasis added). Thus, over a decade after the *Lewis* Court defined proper service of an expert report under section 74.351, the Legislature has re-deployed the phrase "serves an expert report," and then further conditioned that "service" by making it subject to (or "under") the referenced section 74.351. Accordingly, we conclude the unambiguous language of section 74.155(g) establishes that the holding in *Lewis* controls such that an inadequate Chapter 74 expert report does not trigger the sixty-day deadline for asserting an affirmative defense as set out in section 74.155. *See Lewis*, 253 S.W.3d at 207-08; TEX. CIV. PRAC. REM. CODE § 74.155(g).

Here, this approach presents a straightforward result. Campbell's 2023 Expert Reports were deemed inadequate by the trial court. Accordingly, section 74.155(g)'s sixty-day deadline was not triggered until Campbell served her 2024 Supplemental Reports. By that time, Methodist had already notified Campbell of its intent to assert its affirmative defense under section 74.155 in its August 2023 amended answer. Accordingly, we conclude Methodist timely asserted this affirmative defense.

**CONCLUSION**

The parties and trial court have jointly presented this controlling legal question to us, and the parties have stipulated that the ground for Methodist's summary judgment presents purely a question of law and that Campbell's negligence claims against Methodist are barred if Methodist timely raised its section 74.155 defense. Accordingly, we must assume there is no disputed issue of material fact that would preclude summary judgment. *See* TEX. R. CIV. P. 166a(c).

Based on the foregoing, we hold the trial court improperly denied summary judgment in favor of Methodist on Campbell's negligence claim. Accordingly, we reverse that judgment and remand this matter to the trial court for rendition of judgment in accordance with this opinion.

H. Todd McCray, Justice