Gregory THORNTON, Appellant

v.

The STATE of Texas, Appellee.

No. 07–11–0069–CR.

Court of Appeals of Texas,
Amarillo,
Panel C.

Sept. 28, 2012.

Joel R. Cook, for Gregory Thornton.

Kollin Shadle, for The State of Texas.

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

## ORDER ON MOTION TO SET BAIL

### PER CURIAM.

Pending before this Court is Appellant's request that we set bail pursuant to the provisions of article 44.04(h) of the Texas Code of Criminal Procedure. By opinion dated August 7, 2012, this Court reversed Gregory Thornton's conviction for tampering with evidence and rendered a judgment of acquittal. The State's *Motion for Rehearing* was overruled without opinion on September 7, 2012. The State's Petition for Discretionary Review, if any, is due to be filed by October 8, 2012.[1] Pending before this Court is Appellant's motion for bail filed pursuant to article 44.04(h) of the Texas Code of Criminal Procedure (West 2006). Appellant notes that his bond at the trial court level was $25,000, but was originally a Personal Recognizance Bond. By his motion, he requests that this Court set reasonable bail pending further proceedings.

Article 44.04(h) of the Texas Code of Criminal Procedure provides that upon reversal of a conviction, a defendant is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of the appeal by the State or defendant on petition for discretionary review. The defendant's right to release under this statute "attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex. Cr. App. R. 209(c)."[2] *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (WEST 2006). *See also Ex parte Anderer*, 61 S.W.3d 398 (Tex.Crim.App.2001) (citing former TEX. CR. APP. R. 209(c)). Rule 209(c) formerly provided:

> As used in these rules, "final ruling of the court" means (1) the 16th day after the delivery of the court's opinion or order where a motion for rehearing is permitted under Rule 208 but is not filed or rehearing is not granted on the court's own motion, (2) the day after the date of the overruling of a motion for rehearing where a further motion for rehearing is not permitted under Rule 208, or (3) if a motion for rehearing pursuant to rule 208(d) is granted, the day after the date of the disposition of the case on rehearing, whichever is later.

TEX. CR. APP. R. 209(c), 617–618 S.W.2d (Tex. Cases) xlvi-xlvii (1981, repealed 1986). We construe former Rule 209(c) as saying the ruling of this Court was "final" for purposes of setting bail in this case on September 8, 2012, the day after the date of the overruling of the State's motion for rehearing without opinion. Article 44.04(h) further provides that this Court shall determine the amount of bail if it is

---

1. *See* TEX. R. APP. P. 68.2(a). The thirtieth day falls on Sunday, October 7, 2012.

2. The Texas Rules of Post Trial and Appellate Procedure in Criminal Cases were repealed and replaced by the Texas Rules of Appellate Procedure in 1986. Although Rule 209(c) was repealed, the Legislature has amended article 44.04 *three times* without deleting or changing this statutory reference. *See* Act of March 21, 1991, 72nd Leg., ch. 14, § 284(50), 1991 Tex. Gen. Laws 42, 232; Act of May 19, 1999, 76th Leg., ch. 546, § 1, 1999 Tex. Gen. Laws 3042; Act of May 23, 2003, 78th Leg., ch. 943, § 3, 2003 Tex. Gen. Laws 2814. If a statute refers to a subsequently repealed statute or rule, "the meaning and scope of the referencing statute do not change, absent clear legislative intent to the contrary." *In re R.J.J.*, 959 S.W.2d 185, 186 (Tex.1998). Therefore, we conclude that a "final ruling" under article 44.04(h) continues to be as it was under former Rule 209(c). *See In re Keeter*, 134 S.W.3d 250, 253 (Tex.App.-Waco 2003, orig. proceeding).

requested before a petition for discretionary review has been filed.

Guided by the criteria of article 17.15 of the Texas Code of Criminal Procedure (West 2005),[3] this Court hereby sets reasonable bail in the amount of $10,000, conditioned on the sureties on the bail being approved by the court where the trial was originally had. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h). *See also* TEX. R. APP. P. 51.2(d) (providing that if an appellate court reverses a judgment and orders an acquittal, the defendant, if in custody, must be discharged without the necessity of an order or judgment of the trial court).

It is so ordered.

---

3. *See Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex.Crim.App. [Panel Op.] 1981).