

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-13-00207-CR, 07-13-00208-CR

WHITNEY NICOLE CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

TONY DARELL JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court Nos. 5052, 5053; Honorable Stuart Messer, Presiding

May 14, 2015

ON MOTION TO SET BAIL

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

By opinion dated April 27, 2015, we reversed the convictions of appellants Tony Darell Johnson and Whitney Nicole Carter for a state jail felony violation of the money

laundering statute[1] and remanded the cases to the trial court for proceedings consistent with our opinion.[2] Appellants have each filed a motion requesting that we set bail under the provisions of article 44.04(h) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West 2006). In their motions, appellants state they have been continuously confined, either in the Carson County jail or the Texas Department of Criminal Justice, since sentencing on June 12, 2013. Appellants request we set reasonable bail of no more than $1,500. The State did not respond to appellants' requests for bail. Nor did the State file a motion for rehearing of our April 27 opinion and judgment.

Article 44.04(h) provides that on reversal of a conviction, a defendant is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of the appeal by the State or defendant on petition for discretionary review. The defendant's right to release under this statute "attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex. Cr. App. R. 209(c)." *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (WEST 2006); *Thornton v. State,* 420 S.W.3d 104 (Tex. App.—Amarillo 2012, per curiam order) (discussing the meaning of "final ruling of the court" for purposes of applying former criminal appellate rule 209(c) under article 44.04(h)); *In re Keeter,* 134 S.W.3d 250, 253 & 253 n.2 (Tex. App.—Waco 2003, orig. proceeding) (same).

---

[1] TEX. PENAL CODE ANN. § 34.02(a)(1),(e)(1) (West 2011).

[2] *Carter and Johnson v. State,* Nos. 07-13-00207-CR, 07-13-00208-CR, 2015 Tex. App. LEXIS 4271 (Tex. App.—Amarillo Apr. 27, 2015, n.p.h.) (designated for publication).

Article 44.04(h) further provides that a court of appeals shall determine the amount of bail if requested before a petition for discretionary review is filed. Guided by the criteria of article 17.15 of the Code of Criminal Procedure,[3] we set reasonable bail in the amount of $5,000 for appellant Whitney Nicole Carter and in the amount of $5,000 for appellant Tony Darell Johnson. The amount of bail set for each appellant is conditioned on the sureties on the bail being approved by the court where the trial was originally had. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West 2006). *See also* TEX. R. APP. P. 51.2(c)(1) (providing that if an appellate court reverses a judgment and orders a new trial, the defendant, if in custody, must be released upon giving bail).

It is so ordered.

Per Curiam

Do not publish.

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005); *Thornton,* 420 S.W.3d at 106.