

# Fourth Court of Appeals
## San Antonio, Texas

August 21, 2019

No. 04-17-00595-CR

Christopher M. **HARBER,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR5166
Honorable Ron Rangel, Judge Presiding

# O R D E R

Sitting:    Luz Elena D. Chapa, Justice
             Irene Rios, Justice
             Liza Rodriguez, Justice

On August 7, 2019, this court reversed appellant Christopher Harber's conviction of criminally negligent homicide and rendered a judgment of acquittal. Harber has filed a motion requesting this court to set "minimally reasonable bail." *See* TEX. CODE CRIM. PROC. ART. 44.04(h). Article 44.04(h) provides that on reversal of a conviction, a defendant is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of the appeal by the State or defendant on petition for discretionary review. *Id.* The State has asserted it does not intend to file a motion for rehearing. Accordingly, Harber's right to release under article 44.04(h) attaches August 23, 2019, the sixteenth day after our opinion issued. *See id.; Thornton v. State*, 420 S.W.3d 104 (Tex. App.—Amarillo 2012, order).

The motion states Harber is indigent and points out that the underlying incident was an accident and that Harber did not flee while on bond pending trial. However, the motion is not supported by evidence or references to the record, and does not discuss any of the other factors the court should consider in making a determination of reasonable bail. Further, Harber does not request bail be set in any specific amount. The State has filed a response to the motion, urging that bail be set at $75,000.00, one-half of Harber's pre-trial bail amount.

We grant Harber's motion and **order** bail set in the amount of $75,000.00.[1] Any sureties on the bail must be approved by the trial court. *See* TEX. CODE CRIM. PROC. 44.04(h).

_Luz Elena D. Chapa_
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of August, 2019.

_Keith E. Hottle_
KEITH E. HOTTLE,
Clerk of Court

---

[1] Any motion to reduce the amount of bail should be accompanied by argument and evidence relevant to the criteria listed in article 17.15 of the Code of Criminal Procedure and the factors identified in *Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981); *see Aviles v. State*, 26 S.W.3d 696 (Tex. App.—Houston [14th Dist.] 2000, order). The motion should be verified or supported by affidavit to the extent it depends on facts and evidence not in the record, within the court's knowledge in its official capacity, or within the personal knowledge of the attorney signing the motion. *See* Tex. R. App. P. 10.2.